2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 1 of 19
Case 2:14-mn-02502-RMG   Document 786   Filed 01/06/17   Page 1 of 19
Case MDL No. 2502  Document 780  Filed 11/28/16  Page 1 of 3

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK



BY: *Sandra S. Shealy*
DEPUTY CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LIPITOR (ATORVASTATIN CALCIUM)
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION (NO. II)                MDL No. 2502

(SEE ATTACHED SCHEDULE)

**CONDITIONAL REMAND ORDER**

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the District of South Carolina.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the District of South Carolina with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Nov 28, 2016

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

2:14-mn-02502-RMG    Date Filed 11/28/16    Entry Number 1752    Page 2 of 19

Case 2:14-md-02502-MDS Document 786 Filed 11/03/17 Page 2 of 19
Case 2:14-cv-01865-RMG Document 27 Filed 11/28/16 Page 23 of 19

**IN RE: LIPITOR (ATORVASTATIN CALCIUM)**
**MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION (NO. II)**                                          MDL No. 2502

### SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| SC | 2 | 14−02287 | CAC | 2 | 14−01800 | Pamela McKenzie et al v. Pfizer,Inc et al |
| SC | 2 | 14−02289 | CAC | 2 | 14−01804 | Juana Garcia et al v. Pfizer Inc et al |
| SC | 2 | 14−02291 | CAC | 2 | 14−01806 | Bernadette Fernandez et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02296 | CAC | 2 | 14−01807 | Segalilt Siegel et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02298 | CAC | 2 | 14−01811 | Bonnie Kessner et al v. Pfizer Inc et al |
| SC | 2 | 14−02304 | CAC | 2 | 14−01814 | Deberah Rivington et al v. Pfizer Inc et al |
| SC | 2 | 14−02305 | CAC | 2 | 14−01815 | Phyllis Beima et al v. Pfizer Inc et al |
| SC | 2 | 14−02309 | CAC | 2 | 14−01816 | Nina Obuch et al v. Pfizer Inc et al |
| SC | 2 | 14−02310 | CAC | 2 | 14−01818 | Alida Adamyan et al v. Pfizer, Inc |
| SC | 2 | 14−02311 | CAC | 2 | 14−01819 | Maria Carbajal et al v. Pfizer Inc et al |
| SC | 2 | 14−02316 | CAC | 2 | 14−01820 | Dorothy M. Andres et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02317 | CAC | 2 | 14−01822 | Donna Kruenegel et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02318 | CAC | 2 | 14−01823 | Mattie King et al v. Pfizer, Inc. |
| SC | 2 | 14−02321 | CAC | 2 | 14−01828 | Rose A. Williams et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02320 | CAC | 2 | 14−01829 | Vicky Avila et al v. Pfizer, Inc. |
| SC | 2 | 14−02322 | CAC | 2 | 14−01831 | Maizy Benons et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02323 | CAC | 2 | 14−01832 | Linda Roy et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02324 | CAC | 2 | 14−01836 | Brenda Johnson et al v. Pfizer Inc et al |
| SC | 2 | 14−02325 | CAC | 2 | 14−01837 | Blanca Mejia et al v. Pfizer Inc et al |
| SC | 2 | 14−02326 | CAC | 2 | 14−01841 | Lori Ann Weisman et al v. Pfizer Inc et al |
| SC | 2 | 14−02327 | CAC | 2 | 14−01843 | Sylvia Alvardo v. Pfizer Inc et al |
| SC | 2 | 14−02328 | CAC | 2 | 14−01844 | Lena Whitaker et al v. Pfizer Inc et al |
| SC | 2 | 14−02330 | CAC | 2 | 14−01848 | Patricia Lewis et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02290 | CAC | 2 | 14−01850 | Emma Frields et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02297 | CAC | 2 | 14−01853 | Fiette Williams et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02299 | CAC | 2 | 14−01854 | Pallavi Mehta et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02300 | CAC | 2 | 14−01857 | Theresa Medina et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02301 | CAC | 2 | 14−01858 | Deborah McClain et al v. Pfizer Inc et al |
| SC | 2 | 14−02302 | CAC | 2 | 14−01860 | Valerie Davis v. Pfizer Inc et al |
| SC | 2 | 14−02303 | CAC | 2 | 14−01861 | Tonisha Powell et al v. Pfizer Inc et al |
| SC | 2 | 14−02306 | CAC | 2 | 14−01862 | Zurita Gray et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02308 | CAC | 2 | 14−01863 | Clara Bagdasarian et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02339 | CAC | 2 | 14−01866 | Deloris Ann Richard et al v. Pfizer Inc et al |
| SC | 2 | 14−02340 | CAC | 2 | 14−01867 | Mazal Azzam et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02341 | CAC | 2 | 14−01869 | Imelda Diaz et al v. Pfizer Inc et al |
| SC | 2 | 14−02342 | CAC | 2 | 14−01872 | Shahla Owhady et al v. Pfizer Inc et al |

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 3 of 19

Case MDL No. 2502  Document 786  Filed 11/28/16  Page 3 of 3
Case 2:14-cv-00305-MJS  Document 27  Filed 01/03/17  Page 3 of 19

| | | | | | | |
|---|---|---|---|---|---|---|
| SC | 2 | 14−02343 | CAC | 2 | 14−01874 | Ouida Valentine et al v. Pfizer Inc et al |
| SC | 2 | 14−02344 | CAC | 2 | 14−01876 | Loretta Curley et al v. Pfizer Inc et al |
| SC | 2 | 14−02345 | CAC | 2 | 14−01889 | Regina Feberdino et al v. Pfizer Inc et al |
| SC | 2 | 14−02346 | CAC | 2 | 14−01892 | Ruth English et al v. Pfizer Inc et al |
| SC | 2 | 14−02349 | CAC | 2 | 14−01894 | Cheri Lubenko v. Pfizer Inc et al |
| SC | 2 | 14−02350 | CAC | 2 | 14−01895 | Jessie Hill et al v. Pfizer Inc et al |
| SC | 2 | 14−02351 | CAC | 2 | 14−01896 | Doris Choate et al v. Pfizer Inc et al |
| SC | 2 | 14−02352 | CAC | 2 | 14−01897 | Susan Kelley et al v. Pfizer Inc et al |
| SC | 2 | 14−02353 | CAC | 2 | 14−01898 | Charlene Tate et al v. Pfizer Inc et al |
| SC | 2 | 14−02354 | CAC | 2 | 14−01899 | Mary Adamian et al v. Pfizer Inc et al |
| SC | 2 | 14−02355 | CAC | 2 | 14−01904 | Candacy Roberts−Anderson et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02356 | CAC | 2 | 14−01906 | Louise Harris et al v. Pfizer Inc et al |
| SC | 2 | 14−02357 | CAC | 2 | 14−01907 | Shirley Reynolds et al v. Pfizer Inc et al |
| SC | 2 | 14−02358 | CAC | 2 | 14−01908 | Juanita Banks et al v. Pfizer Inc |
| SC | 2 | 14−02359 | CAC | 2 | 14−01910 | Ruby Hare et al v. Pfizer Inc et al |
| SC | 2 | 14−02361 | CAC | 2 | 14−01912 | Janice S. Robinson et al v. Pfizer Inc et al |
| SC | 2 | 14−02362 | CAC | 2 | 14−01914 | Joy Zullo et al v. Pfizer Inc et al |
| SC | 2 | 14−02364 | CAC | 2 | 14−01921 | Frankie Brown et al v. Pfizer Inc et al |
| SC | 2 | 14−02365 | CAC | 2 | 14−01924 | Jocelyn Clemente Salvo et al v. Pfizer Inc et al |
| SC | 2 | 14−02366 | CAC | 2 | 14−01925 | Gladys Anderson et al v. Pfizer Inc et al |
| SC | 2 | 14−02370 | CAC | 2 | 14−01928 | Darlene Jordan et al v. Pfizer Inc et al |
| SC | 2 | 14−02372 | CAC | 2 | 14−01930 | Denelle Bailey et al v. Pfizer Inc et al |
| SC | 2 | 14−02373 | CAC | 2 | 14−01931 | Edith Wakabayashi v. Pfizer Inc et al |
| SC | 2 | 14−02374 | CAC | 2 | 14−01932 | Maye Alberstone et al v. Pfizer Inc et al |
| SC | 2 | 14−02376 | CAC | 2 | 14−01937 | Marilyn Williams et al v. Pfizer, Inc. et al |
| SC | 2 | 14−02377 | CAC | 2 | 14−01940 | Linda Franzone et al v. Pfizer Inc et al |
| SC | 2 | 14−02379 | CAC | 2 | 14−01943 | Tomie Isrel et al v. Pfizer Inc et al |
| SC | 2 | 14−02380 | CAC | 2 | 14−01997 | Elizabeth Ann Watts et al v. Pfizer Inc et al |
| SC | 2 | 14−02273 | CAC | 5 | 14−00485 | Alma Richards v. Pfizer Inc et al |
| SC | 2 | 14−01810 | CAC | 5 | 14−00493 | Chasa Williams v. Pfizer Inc et al |
| SC | 2 | 14−02274 | CAC | 5 | 14−00496 | Sharon Parker et al v. Pfizer Inc et al |
| SC | 2 | 14−02231 | CAE | 1 | 14−00365 | Alanis et al v. Pfizer Inc. et al |
| SC | 2 | 14−02263 | CAN | 3 | 14−01177 | Little et al v. Pfizer Inc. |
| SC | 2 | 14−02257 | CAN | 3 | 14−01195 | Rouda v. Pfizer Inc., et al |
| SC | 2 | 14−02256 | CAN | 3 | 14−01196 | Peters v. Pfizer Inc. et al |
| SC | 2 | 14−02241 | CAN | 3 | 14−01204 | Kathleen Davis v. Pfizer Inc. |

2:14-mn-02502-RMG   Date Filed 11/28/16   Entry Number 1752   Page 4 of 19
2:14-mn-02502-RMG   Date Filed 11/07/16   Entry Number 1726   Page 4 of 19
Case 1:14-cv-00865-LJO-MJS   Document 27   Filed 01/03/17   Page 4 of 19
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 1 of 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: LIPITOR (ATORVASTATIN CALCIUM) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

)
)
)
)
)
)

MDL No. 2:14-mn-02502-RMG

CASE MANAGEMENT ORDER NO. 87

RECEIVED
USDC CLERK, CHARLESTON, SC
2016 NOV -7  AM 9:36

This Order relates to cases:

| | |
|---|---|
| 2:14-cv-01810 | 2:14-cv-02326 |
| 2:14-cv-02231 | 2:14-cv-02327 |
| 2:14-cv-02241 | 2:14-cv-02328 |
| 2:14-cv-02256 | 2:14-cv-02330 |
| 2:14-cv-02257 | 2:14-cv-02339 |
| 2:14-cv-02263 | 2:14-cv-02340 |
| 2:14-cv-02273 | 2:14-cv-02341 |
| 2:14-cv-02274 | 2:14-cv-02342 |
| 2:14-cv-02287 | 2:14-cv-02343 |
| 2:14-cv-02289 | 2:14-cv-02344 |
| 2:14-cv-02290 | 2:14-cv-02345 |
| 2:14-cv-02291 | 2:14-cv-02346 |
| 2:14-cv-02296 | 2:14-cv-02349 |
| 2:14-cv-02297 | 2:14-cv-02350 |
| 2:14-cv-02298 | 2:14-cv-02351 |
| 2:14-cv-02299 | 2:14-cv-02352 |
| 2:14-cv-02300 | 2:14-cv-02353 |
| 2:14-cv-02301 | 2:14-cv-02354 |
| 2:14-cv-02302 | 2:14-cv-02355 |
| 2:14-cv-02303 | 2:14-cv-02356 |
| 2:14-cv-02304 | 2:14-cv-02357 |
| 2:14-cv-02305 | 2:14-cv-02358 |
| 2:14-cv-02306 | 2:14-cv-02359 |
| 2:14-cv-02308 | 2:14-cv-02361 |
| 2:14-cv-02309 | 2:14-cv-02362 |
| 2:14-cv-02310 | 2:14-cv-02364 |
| 2:14-cv-02311 | 2:14-cv-02365 |
| 2:14-cv-02316 | 2:14-cv-02366 |
| 2:14-cv-02317 | 2:14-cv-02370 |
| 2:14-cv-02318 | 2:14-cv-02372 |
| 2:14-cv-02320 | 2:14-cv-02373 |
| 2:14-cv-02321 | 2:14-cv-02374 |
| 2:14-cv-02322 | 2:14-cv-02376 |
| 2:14-cv-02323 | 2:14-cv-02377 |
| 2:14-cv-02324 | 2:14-cv-02379 |
| 2:14-cv-02325 | 2:14-cv-02380 |

## Motions to Remand (Dkt. Nos. 267, 268, 269)

For the reasons stated below, Plaintiffs' Motions to Remand (Dkt. Nos. 267, 268, 269) are GRANTED IN PART.[1]

### A. Background

Each of these cases was originally filed in California state court against Defendants Pfizer, Inc. ("Pfizer") and McKesson Corp. ("McKesson"). Plaintiffs allege that Lipitor caused them to develop Type II diabetes and that, among other things, Defendants did not properly disclose the risks associated with Lipitor. Defendants removed these actions to federal district courts in California, asserting (1) diversity jurisdiction and (2) federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA). While complete diversity is lacking on the face of the Complaints, Pfizer contends that (a) McKesson was fraudulently joined and should be disregarded for the purposes of determining whether diversity jurisdiction exists and (b) that non-California Plaintiffs are fraudulently misjoined and that their claims should be severed.

After removal, these cases were transferred to this MDL by the JPML, and Plaintiffs' filed motions to remand. (Dkt. No. 267, 268, 269). In addition to lack of subject matter jurisdiction, Plaintiffs also argue that the forum defendant rule bars removal, that Pfizer's removal of certain cases was untimely, and that the Court should remand the cases to California federal courts in accordance with CAFA. The Court referred these motions to remand to the Magistrate Judge. (Dkt. No. 292).

---

[1] This order does not address the motions with regard to *Banks, et al. v. Pfizer Inc., et al.*, 2:14-cv-1811; *Bowser v. Pfizer Inc., et al.*, 2:14-cv-2329; *Constant v. Pfizer Inc., et al.*, 2:14-cv-2360; *Hodges v. Pfizer Inc. et al.*, 2:14-cv-2375; *Lubniewski v. Pfizer Inc., et al.*, 2:14-cv-2378; *Owens v. Pfizer Inc., et al.*, 2:14-cv-2307; *Pierce v. Pfizer Inc., et al.*, 2:14-cv-2371; and *Willis v. Pfizer Inc., et al.*, 2:14-cv-2363. In these eight cases, there are no California Plaintiffs. Therefore, complete diversity exists on the face of the Complaints. The Court will address these eight cases by separate order.

2

2:14-mn-02502-RMG     Date Filed 11/28/16    Entry Number 1752    Page 6 of 19
2:14-cv-02502-RMG    Date Filed 11/07/16    Entry Number 1726    Page 3 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 3 of 16

The Magistrate Judge issued an order granting the motions to remand and ordering that these actions be transferred to the federal district courts in California from which they came. (Dkt. No. 715). However, because it has not been definitively established whether an order of remand is dispositive such that it must be ruled on by a District Judge absent consent of the parties, Judge Marchant ordered that the parties were allowed to file objections to the order of remand and that if any objections were filed, the case be forwarded to this Court for de novo review and final disposition. (*Id.*). Defendants filed objections, Plaintiffs responded, and the parties have filed several notices of supplemental authority and additional briefing. (*See* Dkt. Nos. 755, 796, 829, 845, 867, 889, 894, 1654, 1664, 1673). This matter is now before the Court for de novo review.

## B. Fraudulent Joinder of McKesson

Pfizer makes three arguments that McKesson is fraudulently joined: (1) the state law claims against McKesson are preempted by federal law so there is no possibility they can establish a cause of action in state court against McKesson, (2) Plaintiffs have failed to state a claim against McKesson, and (3) Plaintiffs lack a genuine intent to prosecute claims against McKesson. The Court takes each of these arguments in turn and ultimately finds that McKesson is not fraudulently joined with regard to California Plaintiffs.

### 1. Legal Standard

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quotations omitted). To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1)

3

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 7 of 19

2:14-cv-02502-RMG     Date Filed 11/07/16     Entry Number 1726     Page 7 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 4 of 16

that there has been outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *E.g., Johnson*, 781 F.3d at 704; *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993).

This is a heavy burden. *Johnson*, 781 F.3d at 704. The defendant must show the plaintiff cannot establish a claim against the nondiverse defendant "even after resolving all issues of law and fact in the plaintiff's favor." *Id.* The standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (quotations marks omitted). "[T]here need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder." *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999) (internal quotations marks omitted).

2. Preemption

Pfizer argues that the claims against McKesson are preempted by Federal Drug and Cosmetic Act (FDCA). The U.S. Supreme Court has held that a generic drug manufacturer cannot change its label without FDA approval and, thus, any state law claims alleging that the manufacturer should have changed its label are preempted by federal law. *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567, 2571 (2011); *see also Mut. Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013) (holding that when a defendant's only option to comply with both state and federal law is to stop selling a drug, federal law preempts state law claims, i.e., defendants are not required to stop selling the drug). Pfizer argues that as a distributor, McKesson also cannot unilaterally change the label of prescription medicines it distributes under federal law, and, thus, any state law claims are preempted.

4

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 8 of 19
2:14-cv-02502-RMG ... Date Filed 11/07/16 ... Entry Number 1726 ... Page 8 of 19
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 5 of 16

Courts outside the Fourth Circuit, applying the fraudulent joinder doctrine, have held that even though this argument has some logic to it, until *Mensing* and *Bartlett* are explicitly extended to distributors, "it is not obvious" that plaintiffs have "absolutely no claim" against McKesson, and remand is appropriate. *See, e.g., Smith v. Amylin Pharm.*, LLC, No. 13CV1236 AJB MDD, 2013 WL 3467442, at *4 (S.D. Cal. July 10, 2013); (*see also* Dkt. No. 1580 at 12-13 (citing cases)). Pfizer argues that the Fourth Circuit's decision in *Johnson v. Am. Towers, LLC*, 781 F.3d 693 (4th Cir. 2015), requires the Court to squarely address the preemption issue on the merits. In *Johnson*, the Fourth Circuit held that the defendant was fraudulently joined where "the Communications Act ***clearly*** preempts the [plaintiffs'] state-law tort claim against [the non-diverse defendant] as a matter of law." *Id.* at 705-06, 706 (emphasis added). This finding was based on prior, binding Fourth Circuit authority. *Id.* at 706. Therefore, *Johnson* stands for the proposition that where state causes of action are clearly preempted by federal law, there is no possibility of a plaintiff's success on these claims. *Johnson* did not change the standard for fraudulent joinder or the fact that the Court must "resolve all legal and factual issues" in favor of Plaintiffs. *Id* at 704.

Turning to the issue at hand, the Court holds that the claims against McKesson based on Lipitor's label are clearly preempted by federal law. *See In re Fosamax (Alendronate Sodium) Prod. Liab. Litig.* (No. II), No. MDL 2243 JAP-LHG, 2012 WL 181411, at *4 (D.N.J. Jan. 17, 2012) (holding label claims against distributor preempted). As a result of the scheme set forth by the FDCA, McKesson has no authority to unilaterally change Lipitor's label. *Id.* at *3. That authority lies with the FDA and/or with Pfizer. *See* 21 C.F.R. 314.70 (limiting label changes to those approved by the FDA and "Changes Being Effected" or "CBE" changes by the "applicant," which is the manufacturer).

5

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 9 of 19
2:14-mn-02502-RMG     Date Filed 11/07/16     Entry Number 1726     Page 6 of 16
Case 1:14-cv-00365-LJO-MJS     Document 27     Filed 01/03/17     Page 9 of 19
Case MDL No. 2502     Document 786-1     Filed 11/28/16     Page 6 of 16

However, Plaintiffs' labeling claims are not their only claims. Plaintiffs have alleged claims based on McKesson's advertising and marketing of Lipitor as well as claims for fraudulent concealment of information. (*See* Dkt. No. 347-14). Pfizer has not provided any authority that these claims are preempted by federal law but attempts to lump all claims together and paint them with the same brush. (*See* Dkt. No. 347 at 28 n.9 ("[Plaintiffs'] claims are, at heart, product liability claims relating to labeling and design.")). Because Plaintiffs allege distinct causes of action, not solely based on the labeling of Lipitor, the Court cannot say there is no possibility of success on Plaintiffs' other claims.

3. Failure to State a Claim

In all of the cases at issue here, at least one Plaintiff in each case is a California resident. Therefore, the Court starts with an analysis under California law. Pfizer argues that Plaintiffs have not adequately pled causation. Plaintiffs plead that McKesson was "the largest single distributor of Pfizer's pharmaceutical products," that it sold and distributed Lipitor in California, and that "[u]pon information and belief," McKesson distributed the Lipitor that Plaintiffs ingested. (Dkt. No. 347-14 at 3, 4, 6). Pfizer complains that Plaintiffs have not alleged any information about the pharmacies where they obtained Lipitor or the relationship between these pharmacies and McKesson and argue Plaintiffs have not adequately alleged facts showing that McKesson did in fact distribute the Lipitor that they ingested. (Dkt. No. 755 at 31).

However, under California law, "[w]hen a plaintiff lacks knowledge and the means of obtaining knowledge of facts material to his or her cause of action because the matters are peculiarly within the knowledge of the adverse party, and the pleader can learn of them only from statements of others, the pleader may plead what he or she believes to be true as a result of information (hearsay) the pleader has received." *J.F. ex rel. Moore v. McKesson Corp.*, No.

6

2:14-mn-02502-RMG   Date Filed 11/28/16   Entry Number 1752   Page 10 of 19
Case 1:14-cv-02502-RMG-LJO-MJS  Document 27  Filed 11/03/17  Page 10 of 19
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 7 of 16

1:13-CV-01699-LJO, 2014 WL 202737, at *5 (E.D. Cal. Jan. 17, 2014) (quoting *Dey v. Cont'l Cent. Credit*, 170 Cal. App. 4th 721, 725 n. 1 (2008)); *accord* 4 Witkin, Cal. Proc. 5th Plead § 398 (2008). While there is a split of authority, at least one court has held the type of pleading at issue here to be sufficient: "Whether McKesson distributed the pills which caused the alleged injuries is not information within the Plaintiffs' knowledge. Instead, they must obtain this information from McKesson, the pharmacy or other third party. Thus, the allegation that McKesson distributed the drug at issue, based upon information and belief, is sufficient." *J.F. ex rel. Moore v. McKesson Corp.*, 2014 WL 202737 at *5. It is at least possible that California allows information and belief pleading in this situation, and the Court finds the "glimmer of hope" standard set by the Fourth Circuit met. *See D.A. ex rel. Wilson v. McKesson Corp.*, No. 1:13-CV-01700-LJO, 2014 WL 202738, at *5 (E.D. Cal. Jan. 17, 2014) ("The fact that Plaintiff's allegations [are] based on information and belief does not make it obvious according to the settled rules of the state that the complaint fails to state a claim.") (internal quotations omitted). Thus, the Court finds that McKesson is not fraudulently joined as to California Plaintiffs.

In the multi-plaintiff California cases, Plaintiffs from multiple other jurisdictions are named. Pfizer argues that, under choice-of-law rules, the law of those Plaintiffs' home states would apply to their claims and that fifteen (15) of those jurisdictions categorically rejects distributor product liability claims. (*See* Dkt. No. 347 at 32). Plaintiffs disagree that any law other than the law of California would apply, (Dkt. No. 386 at 12 n.11), but the Court need not decide the issue. Because there is at least one California Plaintiff in each of these cases and the Court has found McKesson is not fraudulently joined as to the California Plaintiffs, as long as all the Plaintiffs are properly joined in the actions, diversity jurisdiction is lacking. In other words, Pfizer's fraudulent joinder arguments with regard to non-California Plaintiffs are only relevant if

7

the Court severs Plaintiffs' claims under the fraudulent misjoinder doctrine. Because the Court finds Plaintiffs are not fraudulently misjoined, as explained below, diversity jurisdiction is lacking, and the Court need not consider whether McKesson is fraudulently joined with regard to non-California Plaintiffs.

### 4. Plaintiff's Alleged Bad Faith

Pfizer relies on *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, No. 07-MD-1871, 2014 WL 2011597 (E.D. Pa. May 15, 2014) ("*Avandia II*"), for its final argument. In the Avandia MDL, a number of California Plaintiffs named McKesson as a defendant. The fraudulent joinder issue was initially raised early in the MDL, in 2008. At that time, the *Avandia* court found that the plaintiffs could have colorable claims against McKesson under California law and, thus, McKesson was not fraudulently joined. *See id.* at *2; *see also In re: Avandia Mktg., Sales Practices and Products Liability Litig.*, 624 F. Supp. 2d 396 (E.D.Pa. 2009) ("*Avandia I*"). However, the issue was raised again, five years later, in 2014.

In 2014, the *Avandia* court held that plaintiffs had "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment," and, thus, held that McKesson was fraudulently joined. *Avandia II*, 2014 WL 2011597 at *2 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). The court noted that not a single plaintiff sought any discovery from McKesson in the intervening five years and that, at a hearing on the matter, counsel could not explain why they had not done so despite the fact that discovery of the other defendant (the manufacturer) had long been completed. *Id.* at 3.

Pfizer argues that Plaintiffs' actions in this MDL are analogous to those of the plaintiffs in *Avandia II* and that the Court should find that Plaintiffs have "no real intention" to proceed against McKesson. While Plaintiffs have not conducted discovery of McKesson in this MDL,

8

2:14-mn-02502-RMG   Date Filed 11/28/16   Entry Number 1752   Page 12 of 19
2:14-cv-02502-RMG   Date Filed 11/07/16   Entry Number 1726   Page 12 of 19
Case 1:12-cv-00365-LJM-MJD   Document 217   Filed 01/03/17   Page 12 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 9 of 16

the Court stayed discovery in these actions (with very limited exceptions) pending its ruling on the motions to remand. (*See, e.g.,* CMO 10, Dkt. No. 292). Thus, Plaintiffs were not ***allowed*** to conduct discovery of McKesson.

Pfizer also argues that Plaintiffs' opposition to jurisdictional discovery exhibits a lack of intent to prosecute its claims against McKesson. (Dkt. No. 755 at 25). In other words, Pfizer argues that the existence of federal subject matter jurisdiction turns on whether Plaintiffs have opposed jurisdictional discovery. This is not the law. Opposing jurisdictional discovery, by itself, does not amount to a lack of intent to pursue one's claims. Therefore, the Court finds *Avandia II* inapplicable here.

## C. Fraudulent Misjoinder

The fraudulent misjoinder doctrine asserts that while all the claims pled may be viable, the claims of a non-diverse plaintiff (or against a non-diverse defendant) are so unrelated to the remaining causes of action that they cannot be joined in a single suit under Fed. R. Civ. P. 20 or a similar state rule. *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009); *see also In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (stating that fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party . . . even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other."). The doctrine asserts that these claims must be severed and only the claims of the non-diverse plaintiff (or against the non-diverse defendant) be remanded.

In CMO 83, this Court adopted the fraudulent misjoinder doctrine and adopted a standard analogous to the fraudulent joinder standard in the Fourth Circuit, holding that to establish fraudulent misjoinder, the removing party must show (1) outright fraud or (2) that there is no

9

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 13 of 19
2:14-mn-02502-RMG     Date Filed 01/03/17     Entry Number 1726     Page 13 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 10 of 16

possibility that plaintiffs would be able to properly join the claims involving a non-diverse party in state court.[2] (*See* CMO 83, Dkt. No. 1681). Thus, the Court must determine whether there is any possibility that Plaintiffs' claims would be properly joined in California state court.

Under California law, "[a]ll persons may join in one action as plaintiffs if . . . [t]hey assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Cal. Civ. Proc. Code § 378 (West 2016). While Defendants concede that "the 'common question' requirement may in some cases be satisfied by plaintiffs who allege the same injury from ingestion of the same medicine,"[3] they argue that the same transaction or series of transactions requirement cannot be met in such an instance. (Dkt. No. 759 at 14).[4]

California courts interpreting California's joinder rule have allowed the joinder of plaintiffs alleging individualized injuries due to a common scheme by a defendant. For example, in *State Farm Fire & Cas. Co. v. Superior Court*, 165 individual homeowners whose homes were damaged in an earthquake brought an action against their insurer. 45 Cal. App. 4th 1093, 1113 (1996), *abrogated on unrelated grounds by Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527 (Cal. 1999). The court found that the claims were properly joined despite the fact that plaintiffs each had separate insurance policies entered into on different dates, noting that plaintiffs "alleged that State Farm engaged in a systematic practice to deceive its policy holders with respect to their purchase of earthquake insurance" and "[t]hose

---

[2] The Court does not repeat its reasoning and analysis for adopting the fraudulent misjoinder doctrine and this standard but incorporates Sections B and C of CMO 83 by reference here.

[3] Indeed, the creation of this MDL was based in part on the JPML's finding that "these actions involve common questions of fact." (Dkt. No. 1 at 3).

[4] Pfizer incorporated its briefing from the *Hoffman* case. (Dkt. No. 755 at 33).

10

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 14 of 19
2:14-cv-02502-RMG-LC-365-LD   Document 2   Filed 11/03/17/26   Page 14 of 19 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 11 of 16

allegations clearly reflect a claim containing common facts central to the alleged deception." *Id.* In *State Farm*, plaintiffs also alleged 15 different types of improper claims handling processes, but these differences were not enough to constitute improper joinder. *Id.* at 1099, 1113-14.

Similarly, in *Anaya v. Superior Court*, over 200 employees and their family members claimed injuries resulting from exposure to hazardous chemicals over a period of years at their place of employment. 160 Cal. App. 3d 228, 231, 233 (1984). The court found these claims properly joined, stating that "[t]he fact that each employee was not exposed on every occasion any other employee was exposed does not destroy the community of interest linking these petitioners." *Id.* at 233.

Finally, in *Petersen v. Bank of America*, the court found joinder of 965 mortgage borrowers proper where they alleged the lender used inflated real estate appraisals to increase the amount of the loans and misled the borrowers as to their ability to repay. 232 Cal. App. 4th 238, 252 (2014), *review denied* (Mar. 25, 2015). The court found that "[w]hile the individual damages among these 965 plaintiffs of course vary widely, that is not the salient point . . . The salient point is that *liability* is amenable to mass action treatment." *Id.* at 253 (emphasis in original). The court went on to state policy reasons for its decision. First "[t]o require these plaintiffs to file separately not only clogs up the courts, but also deprives them of economies of scale otherwise available . . ., particularly in regard to the clearly common proof bearing on [defendant's actions]." *Id.* Second, the court found mass joinder conserved judicial resources. *Id.* at 253-54.

While each of these cases might be able to be distinguished factually in some way, given this precedence, the Court finds that there is at least a possibility that Plaintiffs in this action are properly joined under California law. Therefore, Plaintiffs are not fraudulently misjoined.

11

2:14-mn-02502-RMG   Date Filed 11/28/16   Entry Number 1752   Page 15 of 19
2:14-cn-02502-RMG   Date Filed 11/07/16   Entry Number 1726   Page 15 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 12 of 16

## D. Forum Defendant Rule

Plaintiffs also argue that the forum defendant rule barred removal of these actions. Title 28 U.S.C. § 1441(b)(2), known as the "forum defendant rule" or "home-state defendant rule," provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." By its own terms the rule only applies where diversity jurisdiction exists.[5] *See, e.g., Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1248 (D.N.M. 2014) ("The forum-defendant rule applies only to cases removed under diversity jurisdiction."). Because the Court has found diversity jurisdiction lacking, the rule is inapplicable, and the Court does not address it further.

## E. CAFA

Defendants assert federal jurisdiction under the Class Action Fairness Act (CAFA). Under CAFA, federal courts have jurisdiction over class actions if there is minimal diversity and the amount in controversy, when aggregated, exceeds $5 million.[6] CAFA specifically provides that, for the purposes of the statute, "a mass action shall be deemed to be a class action," removable under the statute if it meets the other requirements of the statute. *Id.* at § 1332(d)(11)(A). The term "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the

---

[5] The rule specifically also does not apply to cases removed under the Class Action Fairness Act, which Defendants have also asserted as a basis for jurisdiction. *See* 28 U.S.C. § 1453(b).

[6] There are additional requirements not relevant here, such as the proposed class must have at least 100 members. *See* 28 U.S.C. § 1332(d).

12

2:14-mn-02502-RMG     Date Filed 11/28/16    Entry Number 1752    Page 16 of 19

2:15-cv-02502-RMG   Date Filed 11/07/16   Entry Number 1726   Page 13 of 16
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 13 of 16

plaintiffs' claims involve common questions of law or fact." *Id.* at § 1332(d)(11)(B)(i). The term specifically does not include actions in which "claims have been consolidated or coordinated solely for pretrial proceedings." *Id.* at § 1332(d)(11)(B)(ii)(IV). The parties dispute whether the cases removed here are a "mass action" within the meaning of CAFA.

However, Plaintiffs argue that the Court need not reach the issue because even if the cases are mass actions, the CAFA statute prevents their transfer to an MDL and the cases should be remanded back to district courts in California. (Dkt. No. 796 at 7-9). This Court agrees.

CAFA explicitly provides that any "mass actions" removed under CAFA "shall not thereafter be transferred to any other court pursuant to section 1407 [the MDL statute], or the rules promulgated thereunder, unless a majority of the plaintiffs in the action request transfer pursuant to section 1407." 28 U.S.C. § 1332(d)(11)(C)(I). The JPML has held that this statute only restricts the transfer of mass actions "made removable only pursuant to CAFA." *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 939 F. Supp. 2d 1376, 1381 (JPML 2013). In other words, CAFA "does not prohibit Section 1407 transfer of an action removed pursuant to CAFA's mass action provision so long as another ground for removal is asserted." *Id.* at 1381. Thus, the JPML transferred these actions to the MDL because Defendants asserted diversity jurisdiction as well as CAFA jurisdiction. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prod. Liab. Litig. (No. II)*, No. MDL 2502, 2015 WL 7769022, at *1 (JPML June 8, 2015) (transferring similarly situated California actions to this MDL). However, this Court has now held that diversity jurisdiction is lacking, and the only possible basis for federal jurisdiction is CAFA.

The question, then, is what happens to a case when the transferee Court (the MDL court) determines that no basis for jurisdiction exists other than (possibly) CAFA. Plaintiffs argue that

13

2:14-mn-02502-RMG    Date Filed 11/28/16    Entry Number 1752    Page 17 of 19
Case 1:14-cv-00365-LJO-MJS    Document 27    Filed 01/03/17    Page 17 of 19
Case 2:14-mn-02502-RMG    Date Filed 11/07/16    Entry Number 1726    Page 14 of 16
Case MDL No. 2502    Document 786-1    Filed 11/28/16    Page 14 of 16

the case should be remanded back to transferor court, in accord with Congressional intent. Defendants argue that statute only restricts initial transfer and that once the case is in the MDL, the issue is moot, and that any attempt to transfer the case back would be "overruling" the JPML.

The Magistrate Judge found that transfer of the cases back to California district courts was proper. "Otherwise, the Defendants in any case would be able to circumvent the consent requirement of § 1332(d)(11)(C)(I) simply by adding non-CAFA grounds for removal that are frivolous." (Dkt. No. 715 at 23). Thus, the Magistrate Judge found that the Court should suggest remand of these actions back to California district courts.

After the Magistrate Judge's recommendation in this MDL, the Darvocet MDL court reached the same conclusion in a well-reasoned opinion. *In re Darvocet*, 106 F. Supp. 3d 849 (E.D. Ky. 2015), *appeal dismissed* (Nov. 17, 2015), *motion to certify appeal granted*, No. 2:11-MD-2226-DCR, 2015 WL 4385926 (E.D. Ky. July 14, 2015), *leave to appeal denied* (Nov. 17, 2015). The *Darvocet* court reasoned:

> Without the benefit of precedent, this Court must determine the better of two potential outcomes. The first outcome is that the cases remain in the transferee court, despite being removed solely on the basis of CAFA's mass action provision. Although more efficient for pretrial proceedings, this cannot be the correct result, as it would allow parties to bypass § 1332(d)(11)(C)(1) simply by asserting meritless grounds for removal. Just as cases are "not transferrable merely because the defendant has cited to the mass action provision as an additional ground in its notice of removal," [MDL Record No. 2596, p. 4] cases are not bound to adjudication in a transferee court merely because the defendant has cited to additional grounds that later prove insufficient.
>
> The second potential outcome is JPML remand of mass actions to their original federal courts following a transferee court's finding that removal was proper solely on CAFA grounds. This result, although less efficient, preserves the effect of CAFA's prohibition on transfers. It does not require the JPML panel to impermissibly consider the validity of jurisdictional grounds asserted, but merely affords the transferee court an opportunity to determine jurisdiction and, where appropriate, relinquish cases that are not subject to transfer under CAFA. The JPML has noted and the parties agree that "the language of Section 1332(d)(11)(C)(i) clearly circumscribes the Panel's authority to transfer an action

14

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 18 of 19

2:14-cv-02502-RMG     Date Filed 11/07/16     Entry Number 1726     Page 18 of 51
Case MDL No. 2502     Document 786-1     Filed 11/28/16     Page 15 of 16

removed solely as a mass action." [MDL Record No. 2596, p. 2] Nothing in the JPML's decision in *In re Darvocet* suggests that a case that would otherwise have been precluded from MDL transfer under CAFA must be retained by a transferee court merely because the defendant has cited additional, meritless grounds in its notice of removal. *See* 939 F.Supp.2d at 1381. Moreover, if the grounds for removal had originally been determined by the transferor courts, § 1332(d)(11)(C)(1) would have precluded transfer to this Court. The undersigned finds no reason to reach a different result simply because of the cases' procedural posture at the time of transfer.

*Id.* at 858-59.

This Court agrees with the reasoning of *In re Darvocet*. Congress struck a compromise in CAFA: federal courts would have jurisdiction over mass actions but these actions could not be transferred to an MDL unless a majority of the plaintiffs so requested. Under Defendants' theory, a defendant could add a frivolous jurisdictional ground to evade this statute, and ***no court could review it***. Because the JPML, the only body with authority to transfer a case, also lacks authority to address the merits of subject matter jurisdiction, a defendant's assertion of non-CAFA jurisdiction, no matter how frivolous, requires transfer to an MDL without court review and then, once in the MDL, the case must stay there regardless of the transferee court's determinations regarding subject matter jurisdiction. The Court finds such machinations contrary to Congressional intent. Therefore, this Court will suggest that the JPML remand these cases to the federal district courts in California. Furthermore, the Court's suggestion of remand will provide the JPML with an opportunity to address this question directly, as it is the final arbiter of whether cases should be remanded to the transferor courts. *See, e.g., Pinney v. Nokia, Inc.*, 402 F.3d 430, 452 (4th Cir. 2005) (noting that only the JPML has the authority to remand a case to the transferor court).

15

2:14-mn-02502-RMG     Date Filed 11/28/16     Entry Number 1752     Page 19 of 19
2:14-mn-02502-RMG     Date Filed 11/07/16     Entry Number 1726     Page 16 of 16
Case 1:14-cv-00265-LJO-MJS     Document 27     Filed 01/03/17     Page 19 of 19
Case MDL No. 2502   Document 786-1   Filed 11/28/16   Page 16 of 16

## F. Timeliness

Plaintiffs contend that nine of the California cases (the ones at issue in the motion to remand at Dkt. No. 269) were not timely removed by Defendants because they were not removed within 30 days of being served with the Complaint. Defendants argue that the removal was timely under the "revival" rule because the grant of the coordination petition by the California Judicial Council, followed by the filing of an additional 3,000 claims substantially changed the nature of the suit and triggered the ability to remove the case under CAFA. The Court does not reach this issue. The Court has left the ultimate decision of whether CAFA jurisdiction exists to the California district courts and, therefore, leaves this related issue to those courts as well.

## G. Conclusion

For the reasons stated above, the Court **GRANTS IN PART** Plaintiffs' Motions to Remand (Dkt. Nos. 267, 268, 269). The Court finds that it lacks diversity jurisdiction over these actions and that the only possible ground for federal jurisdiction is CAFA. Therefore, for the reasons stated above, the Court **SUGGESTS** to the JPML that these actions be remanded to their transferor courts for further proceedings.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 7, 2016
Charleston, South Carolina